UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY JOHN CADIERE, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-15870** |
| **TERREBONNE PARISH SHERRIFF'S OFFICE, ET AL** | **SECTION "R"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an Evidentiary Hearing, if necessary and to submit proposed findings and recommendations for disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as applicable, **Title 42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an Evidentiary Hearing.

### I.     Factual Summary

The plaintiff, Jerry John Cadiere, Jr ("Cadiere"), filed this claim pro se and *informa pauperis* against the Terrebonne Parish Sheriff's Office and Deputy Cody Blanchard ("Blanchard"). Cadiere is currently incarcerated in Terrebonne Parish Criminal Justice Complex in Houma, Louisiana.

Cadiere alleges that on April 29, 2016, he was transported to Ochsner Medical Center in Houma, Louisiana for a pulled groin muscle. R. Doc. 1, p. 3. He alleges that upon completion of his treatment he was placed in a wheelchair and transported to the location where prisoners wait for transportation. *Id.* When he arrived at the location, he was transported forward down the ramp rather than backwards and as a result Deputy Cody Blanchard flipped him out of the wheelchair. *Id.*

He alleges that while in the wheelchair he was handcuffed and buoyed around his waist with his feet shackled. *Id.*  As a result, he could not stop the fall and severely injured his knee. Deputy Blanchard laughed when Cadiere injured his knee. He alleges that upon his return to the jail, he completed an incident report, several days later x-rays were taken and a doctor's appointment was scheduled. *Id.*  He further alleges that an MRI was ordered and that he was told by the doctor that he may have sustained either torn tendons, ligaments or cartilage. *Id.* at 4 He further alleges that the circumstances of the incident should be recorded on security cameras at Ochsner Medical Center. *Id.*

As a result of the incident, he seeks damages totaling 2.5 million dollars for injuries he sustained including lost wages. *Id.* at p. 5-6. He further seeks filing fees, court cost, and attorney's fees "resulting from the suit". *Id.*

## II.     Standard of Review for Frivolousness

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds, Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).

However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.  Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).

A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiffs' claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

**III.    Analysis**

    **A.    Terrebonne Parish Sheriff's Office**

Cadiere names the Terrebonne Parish Sheriff's Office as a party. The Terrebonne Parish Sheriff's Office is not a proper defendant because it lacks capacity to sue or be sued as required by Rule 17(b) of the Federal Rules of Civil Procedure and state law. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Thus, the Court will look to Louisiana law to determine if the Terrebonne Parish Sheriff's Office can be sued.

Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as ". . . an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Art. 24.

In Louisiana, Parish Sheriff's Offices are not legal entities capable of suing or being sued. *Ruggiero v. Litchfield*, 700 F.Supp. 863, 865 (M.D. La. 1988). The State of Louisiana grants no

3

such legal status to any Parish Sheriff's Office. *Liberty Mutual Insurance Co. v. Grant Parish Sheriff's Department*, 350 So.2d 236. 238-39 (La. App. 3d Cir.), *writ refused*, 352 So.2d 235 (La. 1977). Thus, the Terrebonne Parish Sheriff's Office is not a juridical person capable of being sued under § 1983. *Cozzo v. Tangipahoa Parish Council-President Government*, 279 F.3d 273, 283 (5th Cir.2002) ("[A] sheriff's office is not a legal entity capable of being sued...."); *see also Causey v. Parish of Tangipahoa*, 167 F.Supp.2d 898, 904 (E.D.La.2001); *Ruggiero*, 700 F. Supp. at 865 (M.D. La. 1988). Therefore, the claim against Terrebonne Parish Sheriff's Office should be dismissed.

### B.    Deputy Cody Blanchard

Cadiere also sued Deputy Cody Blanchard. His claim against Blanchard appears to be one of negligence for going down the ramp in a forward direction, losing control of the wheelchair which resulted in the injury of Cadiere.

"Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan,* 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" *Price v. Roark,* 256 F.3d 364, 370 (5th Cir. 2001) (quoting *Nesmith v. Taylor,* 715 F.2d 194, 196 (5th Cir.1983)).

Plaintiff's allegations regarding falling out of the wheelchair while being transported is a negligence claim that he may pursue in state court. *See Marsh v. Jones,* 53 F.3d 707, 712 (5th Cir.1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); *see*

4

*Benton v. Grant,* 31 F. App'x 160, 2001 WL 1751477, at *1 (5th Cir.2001) (unpublished) (no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it); *McLaughlin v. Farries,* 122 F. Appx. 692, 692 (5th Cir.2004) (unpublished) (inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of his cell, which inmate slipped and fell was not actionable under Section 1983.). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "fall" negligence claims are not cognizable under § 1983. *See Daniels v. Williams,* 474 U.S. 327 (1986).

Moreover, rights guaranteed under the Eighth Amendment are violated only if the defendant acted with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the subjective intent to cause harm. *Hare v. City of Corinth, Miss.,* 74 F.3d 633, 648-49 (5th Cir .1996) (*en banc*). Plaintiff has not alleged that the defendant subjectively intended to cause harm to him.   Plaintiff's claim should be dismissed.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that the claims of Jerry John Cadiere, Jr. brought pursuant to Title 42 U.S.C. § 1983 against the defendants, Terrebonne Parish Sheriff's Office and Deputy Cody Blanchard be **DISMISSED WITH PREJUDICE** as frivolous pursuant to Title 28 U.S.C. § 1915(e)(2), § 1915A and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within **fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

        New Orleans, Louisiana, this 4th day of November, 2016.

                **KAREN WELLS ROBY**
                **UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.